[Cite as *Stenger v. Ohio Dept. of Transp.*, 2011-Ohio-5310.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS A. STENGER

　　Plaintiff

　　v.

OHIO DEPARTMENT OF TRANSPORTATION

　　Defendant

　　Case No. 2011-02727-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}　On February 9, 2011, at approximately 5:45 a.m., plaintiff, Thomas Stenger, was traveling east on State Route 18 "about 150 yards past the Interstate 77 overpass in Summit County" when his 2009 Nissan Maxima "struck a pothole with the driver's side front wheel and tire." Plaintiff related that upon impact, "the tire blew out and my front windshield cracked about 10 inches up from the dash." Plaintiff submitted photographs depicting the damage-causing pothole. Based upon a review of the photographs, it appears that the pothole had been previously patched at some undetermined time and the patching material had completely deteriorated forming a very deep rectangular roadway defect. The roadway area around the pothole and extending down the lane of travel for several feet shows signs of pavement deterioration along with other repaired areas.

{¶2}　Plaintiff asserted that the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in failing to adequately maintain the roadway free of defects. Plaintiff filed this complaint seeking to recover $871.64, the stated cost of a tire and wheel, as well as other related automotive

repairs. The filing fee was paid.

{¶3} Defendant denied liability based on the contention that no DOT personnel had any knowledge of the particular damage-causing pothole prior to the February 9, 2011 incident. Defendant noted that DOT records show no prior calls or complaints were received about the pothole, which defendant located "near milepost 1.90 on SR 18 in Summit County." Defendant asserted that plaintiff did not produce any evidence to establish the length of time the pothole near milepost 1.90 existed before February 9, 2011 and suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant explained that the DOT "Summit County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered near milepost 1.90 on State Route 18 the last time that section of roadway was inspected prior to February 9, 2011. Defendant did not provide any inspection records. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that seven (7) pothole patching operations were conducted in the general vicinity of plaintiff's incident" and there "were *two more* repairs on February 11, 2011, which shows that ODOT responded after plaintiff called in this location." (Emphasis added.)

{¶4} Defendant's maintenance records for State Route 18 verify that six of the seven repairs in the vicinity of plaintiff's incident took place in December 2010. ODOT crews patched potholes there on December 16, twice on December 21, and three more times on December 29, 2010. Patching operations were also performed near milepost 1.90 on February 4, 2011.

{¶5} For plaintiff to prevail on a claim of negligence he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for

sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶8} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident several times in the weeks preceding February 9, 2011, supports a finding of negligent maintenance of the roadway on the part of ODOT. See *Maynard v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-03730-AD, 2004-Ohio-3284; *Marcis v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-05830-AD, 2004-Ohio-4830.

{¶9} Based upon the numerous roadway patching operations performed near milepost 1.90 during the fifty-day period preceding plaintiff's incident, the trier of fact also finds defendant had constructive notice of the pothole at milepost 1.90 on State Route 18. "[C]onstructive notice is that which the law regards as sufficient to give notice

and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gerlarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶10} Plaintiff has provided sufficient photographic evidence to establish that the damage-causing defect was massive in both size and depth, and constituted a recurring problem defendant failed to properly correct. Ordinarily size of a defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. However, the massive size of a defect coupled with knowledge that the pothole presented a recurring problem is sufficient to prove constructive notice. See *Fite v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-05757, 2009-Ohio-7124, ¶10.

{¶11} Additionally, plaintiff has produced evidence to infer defendant maintains the roadway negligently. *Denis.* The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find defendant's assertions persuasive that the roadway was adequately maintained. Conversely, the trier of fact finds plaintiff's assertions persuasive in regard to the contentions that the roadway was not adequately maintained.

{¶12} The photographs submitted show that the particular damage-causing pothole was formed when an existing patch deteriorated. This fact alone does not provide conclusive proof of negligent maintenance. A pothole patch that deteriorates in

less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618. According to the investigation report submitted by defendant, plaintiff's vehicle was damaged by a pothole located in an area that had been patched as recently as February 4, 2011, and the repairs had failed by February 9, 2011.

{¶13} The fact that the pothole plaintiff's car struck deteriorated in a time frame of less than five days warrants application of the standard expressed in *Matala*; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288. See also *Romes v. Ohio Dept. Of Transp.*, Ct. of Cl. No. 2008-01286-AD, 2008-Ohio-4624. Negligence in this action has been proven and defendant is liable to plaintiff for all damages claimed, $871.64, plus the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS A. STENGER

 Plaintiff

 v.

OHIO DEPARTMENT OF TRANSPORTATION

 Defendant

 Case No. 2011-02727-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of plaintiff in the amount of $896.64, which includes the filing fee.  Court costs are assessed against defendant.

                                        DANIEL R. BORCHERT
                                        Acting Clerk

Entry cc:

Thomas A. Stenger                       Jerry Wray, Director
22 Westwick Way                         Department of Transportation
Copley, Ohio  44321                     1980 West Broad Street
                                        Columbus, Ohio  43223

SJM/laa
6/9
Filed 7/18/11
Sent to S.C. reporter 10/13/11